

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

Telephone (716) 853-8407

April 23, 2024

Catherine O'Hagan Wolfe (via ECF)
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Tripathy v. McKoy*, No. 23-919

Dear Ms. Wolfe:

I represent defendants-appellees in the above matter, which is scheduled for oral argument on April 30, 2024. This appeal concerns plaintiff Sanjay Tripathy's civil-rights claims in connection with various aspects of the Sex Offender Counseling and Treatment Program in which he participated while in the custody of the New York State Department of Corrections and Community Supervision (DOCCS).

At the time defendants submitted their brief, plaintiff's criminal conviction had been vacated and plaintiff was at liberty pending retrial of the indictment. I write to inform the Court that plaintiff has now pleaded guilty to assault in the second degree (New York Penal Law § 120.05(1)). Plaintiff's guilty plea carried with it a sentence of just one day of imprisonment, since he had already been incarcerated for over four years when his original conviction was vacated. I have been informed that plaintiff has now served the one-day sentence.

As defendants argued in their brief (at 13-14), plaintiff's release from DOCCS custody mooted his claims for injunctive and declaratory relief. Defendants further argued (at 38) that plaintiff failed to allege any cognizable injury in connection with his due-process claim (which centered on his classification as a moderate-risk, rather than low-risk, sex offender), because the possibility that he would be subjected to

heighted sex-offender registration requirements was eliminated when his convictions were vacated and he was released from incarceration. Plaintiff's satisfaction of his sentence following the guilty plea—in which he did not plead guilty to the commission of any sex offense—fully eliminates any residual possibility that plaintiff will again be subjected to the requirements of the Sex Offender Counseling and Treatment Program, or that he will be required to register as a sex offender, in connection with the criminal charges at issue.

        Respectfully submitted,

        /s/ Sarah L. Rosenbluth
        SARAH L. ROSENBLUTH
        Assistant Solicitor General

cc:    Counsel of record (via ECF)